**FILED**

UNITED STATES DISTRICT COURT

JUL 20 2011

DISTRICT OF SOUTH DAKOTA

CLERK

WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHN JOYNER, | ) | CIV. 11-5048-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GLENN A. BRENNER, States | ) | ORDER OF DISMISSAL |
| Attorney, Pennington County; | ) | |
| JENNIFER UTTER; PAUL J. | ) | |
| BRANKIN; and MATTHEW | ) | |
| STEPHENS, | ) | |
| | ) | |
| Defendants. | ) | |

Christopher John Joyner commenced this action seeking relief under 42 U.S.C. § 1983. Joyner alleges that his constitutional rights have been violated as a result of malicious prosecution.

## DISCUSSION

### A. Screening

Under 28 U.S.C. § 1915A(b), the Court is required to screen each prisoner case. A case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A case fails to state a claim "if as a matter of law it is clear that no relief could be granted under any set of facts that

could be proved consistent with the allegations . . . ." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 599 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true." Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832.

Upon review of Joyner's complaint, it appears that his claims are more properly the subject of a petition for writ of habeas corpus. The Court must look to the substance of the relief sought to determine if the action should be categorized as a habeas corpus petition or a § 1983 claim. See Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). Here, Joyner is seeking "a habeas hearing that will exonerate [him]." To obtain this relief, plaintiff must pursue a petition for habeas corpus. See Prieser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973). For this Court to entertain a petition for habeas corpus under 28 U.S.C. § 2254, Joyner must show that he has exhausted all available state remedies. See 28 U.S.C. § 2254. Joyner has not shown that he has met this requirement of exhaustion and, as a result, the Court must dismiss the claim.

**B.**   *In Forma Pauperis* **Status**

Joyner also seeks to proceed *in forma pauperis.* Under the Prison Litigation Reform Act (PLRA), plaintiff must pay 20 percent of the greater of the average

monthly deposits to his prisoner account or the average monthly balance of the account. See 28 U.S.C. § 1915(b)(1). Joyner's prison trust account report reflects that his current balance is $36.81. His average monthly deposits equal $15.00 and his average monthly balance equals $49.93. Therefore, under the formula set forth in the PLRA, Joyner must pay an initial partial filing fee of $9.99 (20% of $49.93). Accordingly, it is hereby

ORDERED that the complaint (Docket #1) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions to proceed *in forma pauperis* (Docket #3) is granted.

IT IS FURTHER ORDERED that plaintiff shall make an initial partial filing fee payment in the amount of $9.99 on or before August 27, 2011.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10.00, monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in its entirety.

IT IS FURTHER ORDERED that plaintiff may not appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3) since the Court finds that an appeal would not be taken in good faith.

Dated this 20th day of July, 2011.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE