UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
DEC 08 2011
CLERK

| | | |
|---|---|---|
| CHRISTOPHER JOHN JOYNER, | ) | CIV. 11-5048-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GLENN A. BRENNER, States Attorney, Pennington County; JENNIFER UTTER; PAUL J. BRANKIN; and MATTHEW STEPHENS, | ) | ORDER |
| | ) | |
| Defendants. | ) | |

On June 2, 2011, Christopher John Joyner commenced this action seeking relief under 42 U.S.C. § 1983. Joyner alleges that his constitutional rights have been violated as a result of malicious prosecution. In an Order dated July 20, 2011, the Court, after reviewing the complaint, found that Joyner was seeking habeas relief as he requested the following:

> I wanted the trial to be more favorable but because of the inconsistencies with trial strategy, and only 3 weeks of preparation - opposed to 8 mo's the prosecution had to prepare the prosecution, I knew that the odds of winning would be scarce. I tried for an appeal and the defendants blocked this away, or Counselor Stephens should have immediately after the trial verdict, filed an immediate notice of appeal, to [sic] much time has elapsed and then I filed a habeas, a 1 year later and recently found out from the presiding judge that the writ of habeas was frivolous. All I want is a habeas hearing that will exonerate me. Thanks.

Complaint, Docket #1.

On September 27, 2011, the Court received a letter in which Joyner requests that the action be construed as a "Bivens Intentional Tort Claim." The Court construes this letter to be a motion to amend the complaint. Before allowing the complaint to be amended, however, the Court is required by 28 U.S.C. § 1915A(b), to screen the complaint. Under § 1915A, the Court may dismiss a complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A case fails to state a claim "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations . . . ." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 599 (1984)).

In his complaint, Joyner alleges that defendants conspired against him to maliciously prosecute him for a crime that he did not commit. Joyner, in the "Relief" section of the complaint form, specifically asked for a habeas hearing. Now, Joyner contends that he is seeking to state a claim of an "Intentional Federal Tort Claim under Color of Law." See Docket #9.

It is well settled, however, that a "prisoner's label cannot be controlling." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing Preiser v. Rodriguez,

411 U.S., 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)). Here, as set forth in the original complaint and unaltered by the letter dated September 27, 2011, Joyner is seeking a habeas hearing and release from incarceration. This remedy can only be achieved through a writ of habeas corpus. See Preiser, 411 U.S. at 484, 93 S. Ct. at 1833. The proper vehicle for such relief is not a claim under § 1983 or through even a Bivens action, which requires that defendants acted under the color of federal authority. As a result, the Court finds that this proposed amendment does not state a claim upon which relief may be granted and therefore, the complaint may not proceed.

Accordingly, it is hereby

ORDERED that motion to amend the complaint (Docket #9) is denied.

IT IS FURTHER ORDERED that plaintiff remains obligated to pay the filing fee in accordance with the Order dated July 20, 2011.

Dated this 8th day of December, 2011.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE